UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HOWARD EUGENE RAFF,<br><br>  Petitioner,<br><br>vs.<br><br>KELLY HARRINGTON, Warden,<br><br>  Respondent. | Case No: C 11-0956 SBA<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Howard Eugene Raff has filed a pro se Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254, to challenge his 2007 first degree murder conviction. Petitioner alleges a violation of his Sixth Amendment right to a speedy trial. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the Petition for the reasons set forth below.

I.   **BACKGROUND**

   A.   **STATEMENT OF FACTS**

The following facts are taken from the February 25, 2009, opinion of the California Court of Appeal affirming the judgment:

> On November 6, 2006, Raff walked into the Ukiah law office where Larkin worked as a secretary to attorney Hugh Preston, pulled a gun out of his coat pocket, aimed at Larkin's head, and shot her. Thereafter, Raff walked to a courthouse, where he told security personnel "I'm here for you to arrest me," and "I shot Hugh Preston's secretary."

> When interviewed later that morning, Raff admitted that he had thought about killing Larkin for approximately 17 years. Raff told police that between 1981 and 1987 he had dated Larkin, and that they had a daughter, Stacey. Stacey was now 20 or 21 years old, but Raff had not seen her since she was three and a half. Raff was upset about child support payments he was required to make to Larkin, which had been garnished from his wages. Raff believed that Larkin was seeking to recover delinquent child support payments (approximately $80,000) from his social security and retirement, and that he did not owe Larkin this money since she had denied him his child and had committed welfare fraud. According to Raff, the only thing that could have prevented the murder was for Larkin to have "left [him] alone."
>
> Larkin died from the gunshot wound to her head. Raff testified that his trial was "about constitutional, civil, and fathers' rights." "What I did, I know, is revolting to a lot of people who don't think it should've been done. I don't think it should've had to have been done, but I believe in the Constitution, and I have a right to defend myself."

Answer, Ex. 5; People v. Raff, No. A118532, 2009 WL 466378 (Cal. Ct. App. Feb. 25, 2009).

### B.   TRIAL COURT PROCEEDINGS

Petitioner was first arraigned on November 8, 2006, two days after the commission of the offense. Dkt. 1 at 8.[1] Petitioner was appointed counsel from the Mendocino County Public Defender's Office. Id. at 31. Petitioner was afforded an opportunity to confer with his attorney, who later advised the trial court that no plea would be entered at that time. Id. at 31-32. The arraignment was continued for two weeks, at the request of defense counsel. Id. at 32. After the trial judge advised Petitioner that he had a right to a preliminary hearing "within ten court days of entering [his] plea," Petitioner acknowledged that he had such a right. Id.

On November 22, 2006, Petitioner made a motion under People v. Marsden, 2 Cal. 3d 118 (1970) to relieve his appointed counsel. Id. at 41. It is also evident from the record

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

that Petitioner filed at least one other <u>Marsden</u> motion, <u>id.</u> at 47; and possibly several more, <u>id.</u> at 10, all of which appear to have been denied, as evidenced by the Public Defender's continued representation of Petitioner.

On November 28, 2006, Petitioner's attorney requested a continuance of arraignment proceedings to December 1, 2006. <u>Id.</u> at 56. On December 1, 2006, Petitioner ostensibly entered a not guilty plea. <u>Id.</u> at 50. Petitioner alleges that he was compelled to delay the entry of his plea until that date due to various continuances sought by his trial attorney, Wesley Hamilton, as well as his other attorneys from the Public Defender's Office. <u>Id.</u> at 8. Petitioner claims that his preliminary hearing should have then taken place ten days later on December 11, 2006. <u>Id.</u> at 8-9.

The preliminary hearing did not proceed on December 11, 2006, because Petitioner's counsel moved for a continuance to review the "substantial amount of discovery." <u>Id.</u> at 50. In reviewing the request, the trial court noted that Attorney Hamilton had "previously scheduled vacation during that ten-day time limit." <u>Id.</u> That notwithstanding, the court found good cause to grant the continuance, finding, "in any event, even if he did not have vacation, it would be unreasonable to expect him to be ready within that ten days given the volume of discovery . . . ." <u>Id.</u>[2] The preliminary hearing was continued to January 11, 2007.

The jury trial was initially set for March 26, 2007. <u>Id.</u> at 53. However, on March 19, 2007, Attorney Hamilton made a motion to suspend proceedings to determine Petitioner's competence. <u>Id.</u> at 8. On May 30, 2007, proceedings were reinstated and the trial court denied the prosecutor's motion for a continuance of the trial, which had been reset to June 4, 2007. Answer, Ex. 2, vol. 6 (RT 5/30/07) at 5; CT 221-223.

On June 13, 2007, a Mendocino County jury convicted petitioner of first degree murder, two special circumstances of financial gain and lying in wait, and an enhancement

---

[2] Because there was nothing recorded on the trial court's docket relating to his December 1, 2006 plea, Petitioner claims that his attorney had to enter his not guilty plea again on January 26, 2007. <u>Id.</u> at 53.

for personal discharge of a firearm proximately causing death.  CT 277, 425.  On July 10, 2007, the court sentenced petitioner to 25 years to life for first degree murder, life without possibility of parole for the special circumstances, and 25 years to life consecutive for the firearm allegation. CT 520-522.

### C.     POST-TRIAL PROCEEDINGS

On February 25, 2009, the California Court of Appeal rejected Petitioner's claim of instructional error and affirmed the judgment of conviction.  On May 13, 2009, the California Supreme Court denied review of that claim.

Thereafter, Petitioner filed a habeas petition in the Mendocino County Superior Court alleging that his speedy trial rights were violated.  In a reasoned decision, the state court denied the petition.  That ruling states, in relevant part, as follows:

> Petitioner alleges that his right to a speedy preliminary hearing was denied when he stated that he wanted to plead not guilty at the initial arraignment on November 10, 2006 and yet his plea was not entered until December 1, 2006.  But it is clear that the ten day period for setting the preliminary hearing does not begin to run until the entry of plea and petitioner was advised this by the court and made no objection.  His counsel was requesting time before entry of plea to gather initial discovery on this extremely serious case.
>
> Petitioner also alleges that it was error for the magistrate to set the preliminary hearing beyond the ten day period when the plea was entered on December 1, 2006.  The preliminary hearing was set for January 11, 2007 at the request of petitioner's public defender, who requested the time in order to prepare for the preliminary hearing and review the discovery which he had then received, including four inches of discovery and half a dozen CD's.  Petitioner did object to the setting beyond the ten days, but the magistrate found good cause based on counsel's duty to provide effective representation to his client.  Although generally a preliminary hearing must be set within ten days from the plea, good cause to set a later date exists when counsel requires a continuance to prepare his case.  A reasonable delay beyond the statutory period can be granted even if the client objects.  See Eshaghian v. Municipal Court (1985) 168 Cal. App. 3d 1070 and People v. Kowalski (1987) 196 Cal. App. 3d 174 where courts held that the defendants' constitutional rights to adequately prepared counsel prevailed over defendants' rights to a speedy preliminary hearing and justified delay of the hearing over the defendants' objections.

> After the preliminary hearing, the petitioner was arraigned on the Information and trial set within the statutory sixty days. Proceedings were suspended before the trial date when doubts as to competence arose under Penal Code 1368, but after proceedings were reinstated the case was again set for trial within the statutory time and the case was tried on the date set for trial, June 4, 2007. There was no error.
>
> In any event, petitioner cannot prevail on an allegation of a violation of his speedy trial rights after conviction unless he can show prejudice. California courts have consistently held that a defendant who believes his statutory rights to a speedy trial have been violated must seek a pretrial writ to enforce the right. If the defendant waits until after a conviction to complain of the violation, prejudice must be shown. People v. Wilson (1963) 60 Cal. 2d 139. Petitioner has not alleged any prejudice from the delay nor could any be shown.
>
> In this matter the petitioner's jury trial on a special circumstances murder case was held within seven months of the commission of the offense. The spirit and the letter of the law with respect to speedy trial was honored and the defendant did not suffer any prejudice from any delay of the preliminary hearing to allow his counsel to be constitutionally prepared. The petitioner has not stated a prima facie case for relief and the petition is denied.

Dkt. 1 at 60-61. Petitioner then filed a habeas petitions in the Court of Appeal and the California Supreme Court, both of which summarily denied relief.

### D. THE INSTANT ACTION

On March 2, 2011, Petitioner filed the instant federal habeas petition which alleges that his speedy trial rights were violated. Dkt. 1.[3] Petitioner claims that his Sixth Amendment right to a speedy trial was violated because his preliminary hearing was not timely held under California state law. Dkt. 1 at 6, 8-10. He further alleges that his right to a speedy trial was violated because his trial began after the sixty-day time limit established by California state law. Id.

---

[3] After Petitioner filed the instant federal habeas petition, he separately instituted three other petitions challenging the same conviction and raising identical speedy trial claims. See Case Nos. C 11-01411 SBA (PR); C 11-01412 SBA (PR); C 11-01413 SBA (PR). The Court later determined that these matters should have been filed to supplement the instant action, and not opened as separate cases. Dkt. 2 at 1.

On August 9, 2011, Respondent filed an answer, and argues that Petitioner's speedy trial claim is procedurally defaulted, unexhausted, not cognizable, and meritless. Although afforded an opportunity to file a traverse, Petitioner did not do so. Nor did he otherwise respond to Respondent's arguments that his speedy trial claim should be dismissed as procedurally defaulted, unexhausted, and not cognizable. Instead, Petitioner filed an untitled document in which he asks the Court "for a ruling" on the instant habeas petition (which the Clerk construed as a Motion for Ruling). Dkt. 10. As the Court is adjudicating the Petition, Petitioner's Motion for Ruling is granted.[4] For the reasons that follow, the Court denies the Petition on the merits.[5]

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding "resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added).

A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a

---

[4] Petitioner's filing also includes a request for a DNA test and for transfer to "single cell protective custody." These requests are denied because such requests are not properly before this Court. First, there is no indication that the DNA testing is related to this habeas petition. Cf. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (party seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Second, this Court has no basis to make any demands of the prison system relating to Petitioner's custodial status because he has not shown a sufficient reason for interference in the day-to-day operations of the prison. See Turner v. Safley, 482 U.S. 78, 84-86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution).

[5] Given that the Court addresses the Petition on the merits, the Court need not reach Respondent's alternative, procedural arguments. See 28 U.S.C. 2254(b)(2) (allowing court to deny unexhausted claim on its merits).

decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (internal quotation marks omitted).

Relief under the "unreasonable application" clause is appropriate "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Habeas petitioners bear the burden of showing that a state court's decision applied some Supreme Court precedent in an objectively unreasonable manner. Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In determining whether a state court's decision is contrary to, or involves an unreasonable application of, clearly established federal law, this Court reviews the "last reasoned decision" by the highest state court to address the merits of the petitioner's claim. See Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the Court looks to the last reasoned opinion. Ylst v. Nunnemaker, 501 U.S. 797, 801-806 (1991). In the instant action, the last state court opinion to address the merits of Petitioner's speedy trial claim is the reasoned opinion of the Mendocino County Superior Court.

Habeas relief is warranted only if the constitutional error at issue is structural error or had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)). Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in "actual" prejudice. Brecht, 507 U.S. at 637.

### III. DISCUSSION

#### A. SPEEDY PRELIMINARY HEARING

Petitioner alleges that his Sixth Amendment rights were violated because he was denied a timely preliminary hearing. This claim is meritless. Although a criminal defendant has a constitutional right to a speedy trial, there is no federal constitutional right

- 7 -

to a preliminary hearing.  Ramirez v. Arizona, 437 F.2d 119, 119 (9th Cir. 1971), abrogated on other grounds by Ross v. Oklahoma, 487 U.S. 81, (1988).  Therefore, Petitioner fails to allege a federal constitutional violation as to this claim.

### B. SPEEDY TRIAL

California state law allows for sixty days from the date of arraignment for a defendant to be brought to trial.  See Cal. Penal Code § 1382(c)(2).  The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. Const. Amend VI; United States v. Drake, 543 F.3d 1080, 1085 (9th Cir.2008) (citation omitted); Klopfer v. North Carolina, 386 U.S. 213, 223 (1967).  Courts analyze alleged speedy trial violations under the four-factor balancing test set forth in Barker v. Wingo, 407 U.S. 514, 530-36 (1972).  These factors are: (1) the length of delay before trial; (2) the reason for delay, i.e., whether the prosecution or defendant is blameworthy; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant.  Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker, 407 U.S. at 530); United States v. Mendoza, 530 F.3d 758, 762 (9th Cir. 2008).  None of the four factors are either a necessary or sufficient condition for finding a speedy trial deprivation.  Barker, 407 U.S. at 533.

Here, the Superior Court concluded that there was no speedy trial violation, finding that Petitioner's trial was "set within the statutory sixty days." Dkt. 1 at 61.  The court further concluded that even if there had been error, Petitioner had failed to show prejudice.  The Court now addresses whether the Superior Court's reasoned decision was contrary to, or involved an unreasonable application of, clearly established Federal law.

### 1. Length of Delay

The Supreme Court has commented that, depending on the nature of the charges, post-accusation delay is "'presumptively prejudicial' as it approaches one year." Doggett, 505 U.S. at 652 n.1.  However, the particular circumstances of each case must be considered, and a delay that is tolerable for an ordinary street crime is considerably less

than for serious and complex charges.  See United States v. Lam, 251 F.3d 852, 856–57 (9th Cir.), amended, 262 F.3d 1033 (2001).

Here, only seven months lapsed between Petitioner's arrest (November 6, 2006) and trial (June 4, 2007).  Given that the charges involved first degree murder with special circumstances, any delay, under the circumstances presented, was reasonable and not presumptively prejudicial.  See Ridge v. Walker, No. C 09-2931 WHA, 2014 WL 988791, at *3 (N.D. Cal. Mar. 10, 2014) (finding a ten month delay justifiable given seriousness of the murder charges).

### 2. Reason for Delay

The second Barker factor considers which party is responsible for any delay.  In particular, the district court considers "whether the government or the criminal defendant is more to blame" for the delay.  Doggett, 505 U.S. at 651.  Deliberate delay by the government "'to hamper the defense' weighs heavily against the prosecution."  Vermont v. Brillon, 129 S. Ct. 1283, 1290 (2009) (quoting Barker, 407 U.S. at 531).  "In contrast, delay caused by the defense weighs against the defendant: '[I]f delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine.'"  Brillon, 129 S. Ct. at 1290.  Because defense attorneys act as a defendant's agent, and are not state actors, "delay caused by the defendant's counsel is also charged against the defendant" whether counsel is privately retained or appointed by the State.  Id. at 1290-91.  If the Petitioner is responsible, "he carries a heavy burden of demonstrating actual prejudice to succeed on a speedy trial claim."  Lam, 251 F.3d at 859.

In the instant case, the record shows that any delay was attributable to Petitioner.  The initial delay of the preliminary hearing resulted from a request for a continuance made by Petitioner's counsel.  Petitioner claims that the trial court's decision to grant the requested continuance was improperly predicated on his attorney's vacation plans.  Dkt. 1 at 10, 60-61.  This claim lacks merit.  In addressing the defense counsel's request, the trial court did, in fact, note that defense counsel had made vacation plans.  Ultimately, however, the trial court premised the continuance on the need for additional time to review discovery.

The Superior Court likewise found on habeas review that the requested delay of the preliminary hearing was justified in order to enable defense counsel to prepare for this "extremely serious case." Dkt. 1 at 60-61.

The remaining pretrial delays were attributable to Petitioner as a result of: (1) the delay in entering his not guilty plea due to several requests for continuances by his attorneys (at least on one occasion, Petitioner was consulted before his attorney continued arraignment proceedings); (2) his attorney's need for more time to review the voluminous discovery and prepare for the preliminary hearing; (3) Petitioner's requests to relieve his appointed counsel by pursuing various Marsden motions; and (4) a suspension of the proceedings due to his attorney's motion to determine Petitioner's competence. In addition, the record shows that the initial trial date March 26, 2007 was vacated in order to assess Petitioner's competence. Once the competency issue was resolved and the proceedings were reinstated, and the trial was reset for June 4, 2007, which, on habeas review, the Superior Court determined was "within the statutory time." Id. at 61.

Equally without merit is Petitioner's ancillary claim that the delay was due to "intentional government misconduct by all the continuances and the waiving of [his] time." Dkt. 1 at 10. Petitioner fails to support his allegation of "intentional government misconduct" with any facts or evidence. Nor is there any evidence of delay by the prosecution intended the hamper the defense. While the prosecution moved to continue the trial date, the trial court denied such request.

In sum, the Court finds that any delay in bringing Petitioner's case to trial is attributable to Petitioner, which weighs against finding a speedy trial violation.

### 3. Assertion of Speedy Trial Rights

The parties do not dispute that Petitioner properly asserted his right to a speedy trial in a timely and proper manner. This factor therefore weighs in favor of Petitioner.

### 4. Prejudice

Of the Barker factors, prejudice is "'the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system[.]'"

Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532). In the instant case, Petitioner has failed to articulate any prejudice resulting from any pretrial delay nor is any apparent from the record. Petitioner instead relies on the conclusory argument that more than sixty days lapsed from arraignment until his trial. However, the mere "passage of time" is insufficient to show prejudice. See United States v. King, 483 F.3d 969, 977 (9th Cir. 2007) (citing United States v. MacDonald, 456 U.S. 1, 8 (1982)); see, e.g., United States v. Corona-Verbera, 509 F.3d 1105, 1116 (9th Cir. 2007) (finding no prejudice from "presumptively prejudicial" delay of eight years because government had acted with reasonable diligence and defendant did not demonstrate specific prejudice). The Court therefore finds that the final Barker factor, along with the first and second factors, on balance, weighs against granting habeas relief.

Having reviewed the record, this Court cannot find that the Superior Court's rejection of Petitioner's speedy trial claim was either contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to federal habeas relief as to this claim.

## IV. **CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009). The Court declines to issue a COA in this case, as Petitioner has not demonstrated that reasonable jurists would "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.     Petitioner's Motion for Ruling (Dkt. 10) is GRANT IN PART and DENIED IN PART.

2.     The Petition for Writ of Habeas Corpus is DENIED.

3.     The Court declines to issue a COA.  Petitioner may seek a COA from the Ninth Circuit Court of Appeals.

4.     The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.

IT IS SO ORDERED.

Dated: 3/31/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.11\Raff0956.denyHC-revisedkkf2.docx